STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. JESSE SALOMON AND LILLIAN N. SALOMON, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued December 7, 1988—Decided January 4, 1989.

Before Judges GAULKIN and ARNOLD M. STEIN.

*R. Alexandra Larson*, Assistant Deputy Public Defender, argued the cause for appellant Jesse Salomon (*Bradley J. Ferencz*, Deputy Public Defender, attorney).

*Edward Testino* argued the cause for appellant Lillian Salomon (*Vella & Testino*, attorneys).

*William F. Lamb*, First Assistant Prosecutor, argued the cause for respondent (*Alan A. Rockoff*, Middlesex County Prosecutor, attorney; *Simon Louis Rosenbach*, Assistant Prosecutor, on the brief).

PER CURIAM.

Defendants challenge as unconstitutional a Law Division determination staying their motions to suppress so long as they are enrolled in pretrial intervention (PTI). We affirm.

Defendants were jointly indicted on October 14, 1987 for unlawful possession of cocaine (*N.J.S.A.* 2C:35–10(a)(1)). Shortly after their October 30, 1987 arraignment, they applied for admission to PTI. On or about November 13, defendants filed motions to suppress the seized cocaine. On the February 19, 1988 return date, the prosecutor advised defense counsel that defendants had been approved for PTI and that the suppression motion thus should be stayed. Defense counsel requested the trial judge to hear the motion, arguing that neither defendant should be

> compelled to choose about exercising his or her constitutional right to challenge the seizure of evidence as opposed to entering a program that carries essentially non-criminal sanctions ... a client should [not] be forced into trading off his or her right to ... exercise the constitutional challenge.

The motion judge rejected that argument and entered an order

> that the defendants' motion to suppress is hereby stayed and shall remain stayed until such time as the defendants reject admission to [PTI] or fail to complete the [PTI] requirements.

By leave granted, defendants now appeal, contending that requiring them to choose between PTI and prosecuting their suppression motion is a violation of the federal and state constitutional protections against unreasonable search and seizure.

The contention is clearly without merit. *R.* 2:11–3(e)(2). PTI is designed to provide "opportunities to avoid ordinary prosecution," "an alternative to prosecution for applicants who might be harmed by the imposition of criminal sanctions as presently administered," "a mechanism for permitting the least burdensome form of prosecution possible for defendants charged with 'victimless' offenses" and "assistance to criminal calendars in order to focus expenditure of criminal justice resources on matters involving serious criminality." *N.J.S.A.* 2C:43–12a(1), (2), (3), (4). Consistent with those purposes, the designated PTI judge is specifically authorized to "postpone all further proceedings against an applicant" admitted to PTI. *N.J.S.A.* 2C:43–12e.

That alternative to prosecution is wholly optional. If defendants choose it, they must accept its terms, including the postponement of "all further proceedings." *Id.* The constitution is not offended by the choice given defendants to go the route of full criminal prosecution or that of diversion. *Cf. McGautha v. California,* 402 *U.S.* 183, 213, 91 *S.Ct.* 1454, 1470, 28 *L.Ed.*2d 711 (1971) (citations omitted); *Jenkins v. Anderson,* 447 *U.S.* 231, 236, 100 *S.Ct.* 2124, 2128, 65 *L.Ed.*2d 86 (1980) (citations omitted). Moreover, while defendants' acceptance of PTI will defer their challenges to the admission of evidence, that is no constitutional deprivation: a disposition of charges through PTI means that no evidence will be presented against defendants at all. If and when the prosecution is resumed, defendants will have every right to assert all of their constitutional and other claims. Thus PTI requires no waiver of any constitutional right, as defendants urge.

The March 4, 1988 order is affirmed.